UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
RAMU SWEAT,

               Petitioner,

               MEMORANDUM AND ORDER
  -against-                                13 CV 3937 (ILG)

UNITED STATES OF AMERICA,

               Respondent.
-----------------------------------------------x
GLASSER, United States District Judge:

      The petitioner, proceeding *pro se*, moves this Court for an Order, pursuant to 28 U.S.C. § 2255 that would vacate a sentence of imprisonment for a term of 72 months imposed on June 29, 2011, and re-sentence him to a lesser term. The relief he seeks is bottomed upon <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012), which requires no elaboration.

      Briefly, by way of background, Sweat pleaded guilty on March 4, 2011, to conspiring with others to distribute 5 grams or more of cocaine base. The statute violated provided for a minimum sentence of 5 years and a maximum of 40 years. With a Criminal History that placed him in Category VI, as a Career Offender, and a total offense level of 31, U.S.S.G. § 4B1.1, the sentence advised by the Sentencing Guidelines was 188 to 235 months. The government does not object to the Court's entertaining his petition, notwithstanding its filing beyond the one year period of limitation of 28 U.S.C. § 2255(f), government's letter, Dkt. No. 6, "to the extent there is any question that the Court would have imposed a sentence below the five year mandatory minimum had the Fair Sentencing Act been applicable when Sweat was sentenced."

Dorsey v. United States, 132 S. Ct. 2321 (2012), decided that the Fair Sentencing Act and the conforming amendments to the Guidelines that became effective on November 1, 2010, should be applicable to the relevant crime committed before that date but sentenced thereafter.  Dorsey would permit the new lower mandatory minimums to be available to Sweat had his sentence been tethered in any way to the mandatory minimum.  A review of Sweat's criminal history as described in his presentence report and the Court's discussion of it as reflected in the minutes of the sentencing proceeding, leaves no doubt that the mandatory minimum was not a factor in a determination of the sentence imposed.

Dillon v. United States, 130 S. Ct. 2683 (2010), taught that the Court must engage in a "two-step approach" when considering a motion to reduce a sentence of which district courts were reminded in United States v. Bethea, ___ F.3d ___, 2013 WL 5829751 (2d Cir. October 31, 2013).  The first step is to determine "whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced."  If he was, the Court was then to consider in step two, whether a consideration of the § 3553(a) factors would have moved the Court, in its discretion, to reduce his sentence in the circumstances of the case.  Dillon, 130 S. Ct. at 2692.  See also United States v. Wilson, 716 F.3d 50 (2d Cir. 2013).

As has been noted above, the Fair Sentencing Act would not have benefitted Sweat at all had it been in effect when he was sentenced.  His sentence was driven by his status as a Career Criminal with a criminal history category of VI and a total offense level of 31 yielding a Guidelines range of 188-235 months.  The sentence of 72 months

2

that was imposed was a considerable departure from that range.

Even absent an advisory Career Criminal Guideline, the sentence imposed would have been warranted by a consideration of the § 3553(a) factors. The offense was a serious one, his prior convictions were for violent felonies and another drug offense. Aggravating those were 56 disciplinary incidents incurred while incarcerated among which were many acts of violence, drug use, possession of contraband and damage to property. Hopefully, the sentence imposed will promote respect for the law, imbue an understanding that the law means what it says when it declares the conduct in which he has been engaged to be criminal.

For the foregoing reasons, his motion is DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
            November 20, 2013

                                                                s/
                                                      I. Leo Glasser

The foregoing Memorandum and Law was filed on ECF and a copy was mailed to:

Ramu Sweat
65118-053
Box 26030
Beaumont, TX 77720